**CT Corporation**

**Service of Process
Transmittal**
11/22/2017
CT Log Number 532347828

**TO:**   Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:**   **Process Served in Georgia**

**FOR:**   Wal-Mart Stores, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Delovsky Jane, Pltf. vs. Wal-Mart Stores, Inc. and Jane Doe, Dfts. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint, Form |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 17C071542 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 11/25/2015 - 1871 Chamblee Tucker Rd., Chamblee, GA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/22/2017 at 09:21 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Richard M. Howe<br>Howe Law Firm, P.C.<br>4385 Kimball Bridge Rd. Ste 100<br>Alpharetta, GA 30022<br>678-566-6800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/22/2017, Expected Purge Date: 11/27/2017<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805<br>866-286-4469 |

Page 1 of  1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SHERIFF'S ENTRY OF SERVICE

SC-85-2

CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. **17 C 07 15 4 - 2**

| Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed _____

Georgia, **GWINNETT** _____COUNTY

**JANE DELOVSKY**

_____
_____ Plaintiff

Attorney's Address
Howe and Associates
4385 Kimball Bridge Rd
Suite 100
Alpharetta, GA 30022
678-566-6800
Our file No.    RM-880

VS.

**WAL-MART STORES, INC. AND JANE DOE**

Name and Address of Party to be Served.

_____

**CORPORATION PROCESS COMPANY**
**(REGISTERED AGENT)**

_____ Defendant

**289 S CULVER ST**

**LAWRENCEVILLE, GEORGIA 30046-4805**

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ — I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ — I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ — Served the defendant _____ I C - 1 I C _____ a corporation by leaving a copy of the within action and summons with _____ (I A  I I I I I ) _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ — I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ — Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _____.

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

SUMMONS                          SC-85-1                          Clyde Castleberry Co., Covington, GA 20015

# IN THE SUPERIOR/STATE COURT OF _____GWINNETT_____ COUNTY

## STATE OF GEORGIA

JANE DELOVSKY

CIVIL ACTION
NUMBER

17 C 07 15 4 - 2

_____

_____

PLAINTIFF

VS.

WAL-MART STORES, INC. AND JANE DOE

CORPORATION PROCESS COMPANY (REGISTERED AGENT)

~~289 S. CULVER ST~~

~~LAWRENCEVILLE, GEORGIA 30046-4805~~
DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Howe Law Firm, P.C.
4385 Kimball Bridge Rd
Suite 100
Alpharetta, GA 30022
678-566-6800
Our File No: #RM-880

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 20th day of Nov, 20 17

RICHARD T. ALEXANDER, JR., CLERK

Clerk of Superior/State Court

BY _____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JANE DELOVSKY,

                    **Plaintiff,**

v.

WAL-MART STORES, INC.,
& JANE DOE,

                    **Defendants**

CIVIL ACTION
FILE NO.: **17  C  07 15 4 - 2**

**JURY TRIAL DEMANDED**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2017 NOV 20  PH 3: 45
RICHARD ALEXANDER, CLERK

## COMPLAINT

COMES NOW JANE DELOVSKY, Plaintiff, and makes and files this complaint against Defendants Wal-Mart Stores, Inc. and Jane Doe as follows:

### PARTIES AND JURISDICTION

1.

Wal-Mart Stores, Inc. (hereinafter "Walmart") is a foreign corporation existing under the laws of Delaware, doing business in Georgia, but with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716.  Walmart may be served through its registered agent, Corporation Process Company, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805.  Therefore, jurisdiction and venue are proper in this Court.

2.

Upon information and belief, Jane Doe, at all relevant times, was a resident of the State of Georgia, and is a joint/obligor tortfeasor.  Therefore, jurisdiction and venue are proper in this court.

### FACTS

3.

On November 25th, 2015, Plaintiff was an invitee at the Walmart store located on 1871 Chamblee Tucker Rd., Chamblee, GA.

4.

Plaintiff was attempting to use a shopping cart escalator system to transport her Walmart purchases to a lower floor allowing her to exit to where her vehicle was parked.

5.

When attempting to load the cart onto the escalator, she enlisted the help of a Walmart employee, whose first name it is believed is Barbara, and who is named in this Complaint as "Jane Doe".

6.

At the instruction of Jane Doe, who was wearing clothing attire identifying her as a Walmart employee, she pushed the cart onto the escalator system.  However, the cart would not take.  Jane Doe told Plaintiff to push harder and yet harder again.  Plaintiff did.

7.

While trying to push the cart onto the escalator, the cart instead of slowly catching, was jammed then suddenly gave way.

8.

As a result of this sudden "giving way" or perhaps detachment from the rail system, Plaintiff lost her balance, fell, and suffered severe injuries as a result.  Additionally, subsequent to her fall Jane Doe failed to timely hit the emergency "Stop button/switch" thereby causing further injury to Plaintiff.

9.

At the time and place of the incident, there were no visible signs by, around, or in front of the escalator system indicating:

That the system was out of order;

How to use the system;

How not to use the system;

10.

At the time and place of the incident, there were no bars, or other safety systems in place, which might have prevented Plaintiff's fall.

11.

At all relevant times, Defendant had exclusive ownership, possession and control over the area of the incident, and of the cart escalator system at issue.

## COUNT I

## PREMISES LIABILITY

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Plaintiff was an invitee on the premises at the time of the fall.

14.

Walmart, owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

15.

Walmart, was negligent in failing to properly, maintain and inspect the cart escalator system.

16.

Walmart was negligent by failing to post signs or instructions reasonably calculated to provide Plaintiff with instructions and/or warnings on the use of the cart escalator at issue.

17.

Walmart was negligent by failing to shut down the cart escalator system, or limit access to the system where it was broken or otherwise malfunctioning or to notify invitees that the system was broken and not to use it.

18.

Walmart was negligent to the extent it used a system inherently or unreasonably dangerous to invitees where it lacked certain safety bars or mechanisms designed to prevent its invitees from falling down or onto the cart escalator.

19.

Walmart was negligent to the extent that it did not properly check its shopping carts to insure that they were not broken or otherwise incompatible with the cart escalator system.

## COUNT II

## VICARIOUS LIABILITY/FAILURE TO TRAIN

### 20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

### 21.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the cart escalator, including the shopping carts themselves, which caused Plaintiff to fall were employed by Walmart and were acting within the scope of their employment.

### 22.

Walmart is responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency, and therefore is liable for the consequences of their negligence.

## COUNT III

## NEGLIGENCE OF JANE DOE & WALMART RESPONDEAT SUPERIOR

### 23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

### 24.

Jane Doe improperly advised/instructed Plaintiff on the use of the cart escalator system and further failed to hit the "Stop button/switch" timely after Plaintiff's fall.

### 25.

Jane Doe's negligence in this regard caused Plaintiff to fall and sustain injuries.

### 26.

Jane Does is liable to Plaintiff for the consequences of her negligence.

### 27.

At all times relevant to this action, Jane Doe was an employee of Walmart and was acting within the scope of her employment when she improperly advised/instructed Plaintiff on the use of the elevator system in question and further for failing to timely hit the Stop button.

28.

Walmart is therefore liable to Plaintiff for the negligence of Jane Doe under the theory of Respondeat Superior.

## COUNT IV
## FAILURE TO PROPERLY TRAIN

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

To the extent that Walmart's training failed to properly instruct its employees, including, Jane Doe, as to the proper use of the cart escalator system, as well as when and how to utilize the "Stop button/switch", Walmart was negligent, which negligence caused Plaintiff to fall and sustain injuries.

31.

Walmart is therefore liable to Plaintiff because of its failure to properly train its employees as to the proper use of the cart escalator system and "Stop button/switch".

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This _20th_ day of November, 2017.

Respectfully submitted,

RICHARD M. HOWE
Attorney for Plaintiff
Georgia Bar #371805

HOWE LAW FIRM, P.C.
4385 Kimball Bridge Rd. Ste 100
Alpharetta, GA 3022
678-566-6800 or 678-566-6806 (direct)

Our File No. RM-384

## General Civil Case Filing Information Form (Non-Domestic)

| Court | County | **GWINNETT** | Date Initiated |
|---|---|---|---|
| ☐ Superior | | | |
| ☒ State | Docket # | **17 C 07 15 4 - 2** | MM-DD-YYYY |

FILED IN OFFICE
2011 NOV 2 ... PM 3:45
RICHARD ALEXANDER, CLERK
STATE COURT
GWINNETT COUNTY, GA

**Plaintiff (s)**
**JANE DELOVSKY**

**Defendant (s)**
**WALMART STORES, INC. &**
**JANE DOE**

**No. of Plaintiffs    1**

**No. of Defendants          2**

Plaintiff/Petitioner's Attorney

**Richard M. Howe**

**Bar #**   371805

| Check Primary Type (Check only ONE) | If Tort is Case Type (Check no more Than TWO) |
|---|---|
| ☐ Contract/Account | ☐ Auto Accident |
| ☐ Wills/Estate | ☒ Premises Liability |
| ☐ Real Property | ☐ Medical Malpractice |
| ☐ Dispossessory/Distress | ☐ Other Professional Negligence |
| ☐ Personal Property | ☐ Product Liability |
| ☐ Equity | ☐ Other Specify _____ |
| ☐ Habeas Corpus | |
| ☐ Appeals, Reviews | |
| ☐ Post Judgment Garnishment, Attachments, or Other Relief | |
| ☐ Non-Domestic Contempt | |
| ☒ Tort (If tort, fill in right column) | |
| ☐ Other General Civil Specify | |

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,

         Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

         Defendants.

_____/

Civil Action File No.

17-C-07154-2

## ANSWER OF DEFENDANT WAL-MART STORES, INC.

COMES NOW, Defendant WAL-MART STORES, INC. (erroneously named) and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Wal-Mart Stores, Inc. is not a proper party.

### SECOND DEFENSE

Plaintiff has failed to join an indispensable party.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

<u>FIFTH DEFENSE</u>

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

<u>SIXTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>SEVENTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>EIGHTH DEFENSE</u>

Plaintiff's claims are barred by the applicable statutes of limitation.

<u>NINTH DEFENSE</u>

Plaintiff's claims are barred by laches.

<u>TENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint, but shows that Wal-Mart Stores, Inc. is not the proper Defendant.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.  Plaintiff was not an invitee of Wal-Mart Stores, Inc.

4.

Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.  This Defendant did not operate the subject store.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

"Count I"

"Premises Liability"

12.

Defendant realleges and incorporates herein its answers contained in

Page -4-

paragraphs 1 through 11 above as if fully restated.

13.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.  Plaintiff was not an invitee of Wal-Mart Stores, Inc.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.  This Defendant did not operate the subject store.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's

Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

"Count II"

"Vicarious Liability/Failure to Train"

20.

Defendant realleges and incorporates herein its answers contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

"Count III"

"Negligence of Jane Doe & Walmart Respondeat Superior"

23.

Defendant realleges and incorporates herein its answers contained in

paragraphs 1 through 22 above as if fully restated.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

"Count IV"

"Failure to Properly Train"

29.

Defendant realleges and incorporates herein its answers contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

33.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


Howard M. Lessinger
Georgia Bar No. 447088


Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -9-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES, INC. has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball  Bridge Road
Suite 100
Alpharetta, GA 30022

This the _6_ day of December, 2017.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -10-

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,

        Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

        Defendants.

_____/

Civil Action File No.
17-C-07154-2

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2017 DEC -8 PM 12: 03
RICHARD ALEXANDER, CLERK

## 12-PERSON JURY DEMAND

    COMES NOW Defendant, WAL-MART STORES, INC. and demands a trial

by a jury of twelve (12) persons.

                    McLAIN & MERRITT, P.C.

                    Howard M. Lessinger
                    Georgia Bar Number 447088
                    Attorney for Defendant
                    WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

12-PERSON JURY DEMAND upon counsel for all parties by depositing same in the

United States Mail in envelopes with sufficient postage affixed thereon to insure

delivery addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball  Bridge Road
Suite 100
Alpharetta, GA 30022

This the 6 day of December, 2017.

McLAIN & MERRITT, P.C.


Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

ORIGINAL

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,                                    Civil Action File No.
                                                  17-C-07154-2
                Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

                Defendants.

_____/

## DEFENDANT WAL-MART STORES, INC.'S
## FIRST REQUEST FOR ADMISSIONS OF FACT TO PLAINTIFF

COMES NOW Defendant Wal-Mart Stores, Inc., and pursuant to O.C.G.A. §
9-11-36, requests that Plaintiff admit for purposes of this action only, the following
matters within 30 days.

1.

Plaintiff will not seek, recover or collect from Defendant Wal-Mart Stores, Inc.,
from Wal-Mart Stores East, LP., or from any Wal-Mart entity a sum in excess of
$75,000.

2.

Any portion of a verdict against Defendant that exceeds $75,000 will be
written down by the Court so that the Judgment shall not exceed the sum of $75,000.

3.

Neither Wal-Mart Stores, Inc., Wal-Mart Stores East, LP. nor any other Wal-

Mart entity in this action shall be ordered, adjudged or called upon to pay to

Plaintiff a sum in excess of $75,000.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar Number 447088
Attorney for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT WAL-MART STORES, INC.'S FIRST REQUEST FOR ADMISSIONS OF FACT TO PLAINTIFF** upon counsel for all parties by depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball Bridge Road
Suite 100
Alpharetta, GA 30022

This the 6 day of December, 2017.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

ORIGINAL

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,                                Civil Action File No.
                                              17-C-07154-2
              Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

              Defendants.
_____/

**DEFENDANT WAL-MART STORES, INC.'S FIRST**
**INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF**

TO:   Plaintiff, Jane Delovsky, by and through her counsel of record,

Defendant hereby request Plaintiff to answer the following interrogatories

under oath and in accordance with the applicable provisions of the Georgia Civil

Practice Act.

I. INSTRUCTIONS

Each interrogatory should be answered separately upon the knowledge or

upon the information and belief of Plaintiff and any answer based upon information

and belief should state that it is given upon such basis.

If the complete answer to an interrogatory is not known, so state and answer

as fully as possible each part of such interrogatory to which an answer is known.

The following interrogatories shall be continuing to the full extent permitted

under the applicable provisions of the <u>Georgia Civil Practice Act</u>.

If any information is withheld under any claim of privilege, the following shall be provided with respect to such information:  every person to whom such information has been communicated by Plaintiff and from whom such information was learned by Plaintiff, the subject matter of such information, and the basis upon which such privilege is claimed.

All definitions set forth hereinbelow shall be carefully regarded.

## II. <u>DEFINITIONS</u>

As used herein, the word "Plaintiff" shall mean Jane Delovsky, including all officers, directors, attorneys, agents, employees, and representatives acting on her behalf.

As used herein, the word "Defendant" shall mean WAL-MART STORES, INC., including all officers, directors, attorneys, agents, employees, and representatives acting on its behalf.

As used herein, the words "you" and "your" shall refer to Plaintiff as defined hereinabove.

As used herein, the words "every document" shall mean every writing or records, however produced, reproduced, preserved, including but not limited to every book, pamphlet, periodical, letter, memorandum, telegram, report, records, study, interoffice, or intraoffice communication, memorandum reflecting an oral

communication, handwritten or other notes, working paper, draft, application, permit, chart, drawing paper, graph, survey, index, tape, disk, data sheet, data processing card, computer printout, and every other written, typed, recorded, transcribed, filed, or graphic matter, except such documents as are immune from production under applicable provisions of law.

As used herein, the word "person" shall include individuals, firms, partnerships, corporations, proprietorships, associations, governmental units, and every other type of organization or entity.

As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including relationship to other events).

As used herein, the word "identify" when used in reference to:

(a) an individual, shall mean to state his or her full name, present or last known residence address (designating which), and the present or last known business affiliation, job title, and employment address.

(b) a firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address and telephone number.

(c) a document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter,

memorandum, book, telegram, chart, etc.) or some better means of identifying it, a summary of its contents, and its present location or custodian. In the case of a document within the possession, custody, control, or access of Plaintiff, whether Plaintiff will make it available to the undersigned attorney for inspection and/or copying; and, in the case of a document that was, but is no longer, in the possession, custody, or control of Plaintiff, what disposition was made of it, when, why, and to whom.

1.

Please list the medical expenses, which you contend are the result of the Wal-Mart incident, in a format similar to the following: [In the event you do not yet have all of the charges, please provide the name and addresses of all medical providers].

| Medical Provider | Address | Total of Charges |
|---|---|---|
|  |  |  |

2.

Please list all medical, hospital, medicare and medicaid liens related to the Wal-Mart incident in a format similar to the following:

| Lien Holder | Address | Total of Lien |
|---|---|---|
|  |  |  |

3.

List each part of the body which you contend you injured in the Wal-Mart incident.

4.

Please itemize all lost wages, lost income, or lost capacity to earn which you contend are the result of the Wal-Mart incident in a format similar to the following:

| Employer, if any | Hourly or Weekly Pay/Income | Dates Missed | Total Income |
|---|---|---|---|
|  |  |  |  |

5.

Please list every motor vehicle collision in which you have been involved [as a driver, passenger or pedestrian] in a format similar to the following:

| Date of Collision | Investigating Police Department | Part of Body Injured | Name and address of every Medical Provider |
|---|---|---|---|
|  |  |  |  |

6.

Please list every on-the-job injury you have suffered in a format similar to the following:

| Date of Injury | Name and address of Employer | Party of Body Injured | Name and address of every medical provider |
|---|---|---|---|
| | | | |

7.

Please state the name and address of each and every employer you have had over the past 15 years, including your present employer, if any.

8.

Please state the name and address of each and every health insurer (individual, group, HMO, etc.) which has provided health coverage to you over the past 15 years.

9.

Please state the name and address of each and every automobile/motor vehicle insurer (State Farm, Allstate, GEICO, etc) which has provided liability coverage to you over the past 15 years.

10.

Please list each and every application you have submitted for Social Security Disability Benefits in a format similar to the following:

| Date of Application | Address of Social Security Office | Basis for Alleged Disability | Benefits Granted or Denied. |
|---|---|---|---|
|  |  |  |  |

11.

Please list each and every bodily injury claim ever made by you in a format similar to the following:

| Date of Incident | Description of Incident | Part(s) of Body Injured | Name and address of Insurance Company Involved |
|---|---|---|---|
|  |  |  |  |

12.

State the name and address of each and every hospital at which you have been examined, tested or treated [in-patient, out-patient, emergency room or diagnostic testing] at any time during the past 15 years.

13.

State the name and address of each and every pharmacy [including mail-order pharmacies] at which you have obtained prescription medication at any time during the past 15 years.

14.

Have you ever at any time BEFORE the Wal-Mart incident suffered an injury to, or experienced pain in the same part(s) of the body which you contend you injured in the Wal-Mart incident? If your answer is in the affirmative, state the name and address of each and every hospital, chiropractor, physical therapist or other medical provider who examined or treated said pre-Wal-Mart injury or condition.

15.

State the name and address of each and every chiropractor who has ever examined or treated you BEFORE the Wal-Mart incident.

16.

Has Plaintiff ever been convicted of a crime? If so, please state the date of each such conviction, the location of the Court where the conviction occurred, and the crime upon which each such conviction was based.

17.

Has Plaintiff been a party to another lawsuit? If your answer is in the affirmative, give the approximate date the lawsuit was filed, the Court in which it was filed, and the style of the case.

18.

State specifically and in reasonable detail how the occurrence happened

which is the basis of this lawsuit, and include any oral statements by Wal-Mart associates which you contend may constitute admissions against interest.

19.

State the name of every person known to Plaintiff who appears to be an eyewitness to the incident as alleged in Plaintiff's Complaint.

20.

Please state the names and addresses of all persons known to Plaintiff who have knowledge of any relevant facts concerning the issues in this case.

21.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

22.

Please identify each expert expected to testify at trial, including all subsequent treating physicians and practitioners of the healing arts; state the subject matter the expert is expected to testify about and the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each

opinion.

### 23.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

### 24.

Please identify by date, author and subject matter all documents relied upon by you to demonstrate and supports facts relevant to the issues in this litigation.

### 25.

State your date of birth, marital status and full name of spouse, driver's license number, social security number, and educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each. [If you do not wish to include your social security number in Answers to Interrogatories, Plaintiff's counsel may forward Plaintiff's social security number by letter or email.]

### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff is requested to produce the following documents at the office of Defendant's attorneys, McLain & Merritt, P.C., 3445 Peachtree Road, Suite 500, Atlanta, Georgia  30326, thirty (30) days after service of these interrogatories and

request for production of documents; or in the alternative to attach copies of said documents to the responses to these interrogatories and request for production of documents.

1.

All medical expenses or bills or drug bills incurred by you in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action.

2.

All medical reports (including hospital records) prepared by any physician, psychologist, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence in your possession or the possession of your attorney.

3.

All photos of any person, place, or thing related to this occurrence (photocopies of such photos may be produced in lieu of the positive prints).

4.

Any and all documents obtained from any defendant or his/her/its employees or agents at any time following the incident referred to in your complaint.

5.

Any and all correspondence to you or anyone on your behalf from any defendant or anyone on his/her/its behalf.

6.

Any and all correspondence from you or anyone on your behalf to any defendant or anyone on his/her/its behalf.

7.

Copies of any statements or recordings of any statements from any employee of any defendant.

8.

Copies of any applications for benefits or proofs of loss provided by you or on your behalf to any insurance company and which pertains to the incident or injuries referred to in your complaint.

9.

Copies of any card verifying existence of any major medical insurance or hospitalization benefits or coverage at the time of the incident referred to in your complaint.

10.

Copies of any report by any expert retained and consulted by you with respect to any aspect of the occurrence referred to in your complaint.

11.

Copies of all witness statements obtained from any person about any information related to any issue in this lawsuit, including but not limited to liability or damages.

12.

Copies of any photographs, motion pictures, videotapes, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence or depiction concerning the subject incident or any of the issues involved in this lawsuit including, but not limited to, the issues of liability and damages.

13.

Copies of all reports received from any experts, including experts who will testify at trial, who have investigated any issue related to the subject incident and related to this lawsuit.  Also, produce all materials relied upon by each expert in formulating his/her opinions and conclusions.

14.

Copies of any records reflecting or referring to employment of you for the five years preceding the accident referred to in your complaint, including but not limited to W2 forms, 1099 forms, separation notices, income statements, et cetera.

15.

Any and all documents in your possession regarding defendants' employees and/or independent contractor's failure to inspect anything you contend should have been inspected immediately before your accident.

16.

Any and all documents that you contend show that any defendant did not determine that the location or instrumentality involved in plaintiff's incident (on the date of the subject incident) was properly inspected, managed, and/or maintained at the time of the subject incident.

17.

Copies of all documentation of any kind received from any person or corporation relative to inspecting, managing, and/or maintaining the instrumentality or location where plaintiff's incident occurred on the date of the subject incident.

18.

Copies of any and all documents of whatever kind evidencing any substantially similar event in the immediate area where plaintiff's claimed incident occurred on the date of the subject incident.

19.

Any and all reports and documents taken or prepared by plaintiff or anyone

on behalf of plaintiff concerning the incident referred to in plaintiff's complaint.

20.

Any and all reports and/or statements concerning the subject incident submitted to and/or taken by any investigator or adjuster.

21.

Copies of any and all photographs and/or videotapes and/or moving pictures of plaintiff or of any defendant or his/her/its agents, servants, or employees at any time after the accident referred to in plaintiff's complaint.

22.

Copies of any documents or other material which in any way relates to plaintiff or plaintiff's representatives or family contacting or attempting to contact any defendant and/or defendant's representatives after the incident up to and including the date of trial.

23.

Copies of any and all documents which support or otherwise pertain to any of your responses to defendant's first interrogatories, identifying which interrogatory response each document supports or otherwise pertains to.

24.

All documents, records, reports, memoranda, and/or correspondence referring in any way to injuries to persons who claimed to have experienced a

substantially similar incident to that involving the plaintiff at the same store within three years prior to plaintiff's incident.

25.

The curriculum vitae of all experts who are expected to testify on behalf of the plaintiff(s).

26.

The written or oral reports of experts who are expected to testify on behalf of the plaintiff(s).

27.

All documents, records, correspondence, reports, and/or memoranda referring in any way to the inspecting, managing, and/or maintaining the instrumentality or location referred to in the complaint.

28.

Floor plan, aerial photographs, and/or other drawings or materials demonstrating an overhead view of the instrumentality or location described in the complaint.

29.

Documents and/or items that describe, list and/or demonstrate:

(a)     the area where plaintiff's incident occurred; and

(b)     the lighting and/or lack of lighting of the area where plaintiff's incident

occurred.

30.

Copies of any photographs, still or motion pictures, and/or videotapes of the incident scene, taken on or after the date of the subject incident.

31.

Documents you receive in response to requests to non-parties for the production of documents.

32.

All safety notices, warnings, bulletins, or other similar documents you contend should have been displayed or distributed by defendant(s) at the location or instrumentality where you contend your accident took place.

33.

Any documents containing measurements, surveys, or calculations made by you or anyone on your behalf or your lawyer's behalf of the instrumentality or location referred to in your complaint.

34.

Any industry or trade standard you contend applies to the location, instrumentality, or claims referred to in your lawsuit.

35.

Any records of cell phone calls by you on the day of the incident referred to

in your complaint.

36.

Any records of questionnaires, questions, or other papers provided to any focus groups, jury research firms, or non-parties (other than your lawyer) concerning the facts or damages claimed by you.

37.

Any records of vehicle, bus, train, or airline travel by you since the date of the incident alleged in your complaint.

38.

Any photographs or videos exhibiting or documents supporting engagement or participation by you in any hobbies or recreation for (a) the five years before and (b) the entire time after the accident referred to in your complaint.

39.

Any histories or documents written or signed by you concerning any medical, psychological, or psychiatric testing for (a) the ten years before and (b) the entire time after the accident referred to in your complaint.

40.

Any documents referring to or showing any hazardous condition in the area of your claimed accident.

41.

Any documents referring to or showing any design and/or construction defect in the area of your claimed accident.

42.

Any documents referring to, showing, or demonstrating why you could not have seen and avoided any claimed hazard immediately before your claimed fall.

43.

For each Facebook account and/or profile maintained by you, please produce your Facebook profile and account data. (In order to create the zip file that contains the profile, please sign on to your Facebook account and click on the "account button" at the top right side of your Facebook page. Click on "account settings" on the toolbar that opens up. On this newly opened screen, click on the "learn more" button by the "download your information" section. Click on the download button. Facebook will then compile the zip file and email a notification to you with a link in the email that will allow you to download the Facebook file. This process takes between 30-90 minutes depending on the size of the profile. Please save this profile to a USB flash drive and provide it as your response. Reasonable expenses for this drive will be paid).

44.

Please provide all photographs on your Facebook profile(s), the photographs

you are in on your Facebook profile.  (To do this, you must open each picture individually, right click on the picture and save it on the same USB drive).  For all photographs that are not produced by Plaintiff, please create a privilege log describing said photographs.

45.

Please provide archives for all Twitter accounts maintained by you or registered to you.  (To get your archive, go to the Settings area and look for the new "Your Twitter archive" feature.  A link will be emailed to you that leads to a page within Twitter where you can complete the download.  After clicking download, a ZIP file will be downloaded.  When you open that file, you will see a "readme" file with instructions.  Please provide this ZIP file).

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT WAL-MART STORES, INC.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF** upon counsel for all parties by depositing same in the United States Mail in envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball  Bridge Road
Suite 100
Alpharetta, GA 30022

This the _6_ day of December, 2017.


                                    McLAIN & MERRITT, P.C.



                                    Howard M. Lessinger
                                    Georgia Bar No. 447088
                                    Attorneys for Defendant
                                    WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,

    Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

    Defendants.

_____/

Civil Action File No.
17-C-07154-2

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)  DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

2)  DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

        McLAIN & MERRITT, P.C.

        Howard M. Lessinger
        Georgia Bar No. 447088
        Attorneys for Defendant
        WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**CERTIFICATE REGARDING DISCOVERY** upon counsel for all parties by

depositing same in the United States Mail in envelopes with sufficient postage

affixed thereon to insure delivery addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball  Bridge Road
Suite 100
Alpharetta, GA 30022

This the _6_ day of December, 2017.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DELOVSKY,

            Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

            Defendants.

_____/

Civil Action File No.
17-C-07154-2

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 26th day of March, 2018,

commencing at 11:00 a.m., at the offices of Howe Law Firm, PC, 4385 Kimball Bridge

Road, Suite 100, Alpharetta, GA, the deposition will be taken of Jane Delovsky. Said

deposition will be taken for purposes of discovery and all other purposes provided

by law before an officer duly authorized to administer oaths. The deposition shall

continue from day-to-day until completion. This deposition may also be videotaped

by a videographer.

            McLAIN & MERRITT, P.C.

            Howard M. Lessinger
            Georgia Bar No. 447088
            Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

NOTICE OF TAKING DEPOSITION upon counsel for all parties by depositing same

in the United States Mail in envelopes with sufficient postage affixed thereon to

insure delivery addressed as follows:

Richard M. Howe
Howe Law Firm, P.C.
4385 Kimball Bridge Road
Suite 100
Alpharetta, GA 30022

This the _6_ day of December, 2017.


McLAIN & MERRITT, P.C.


Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY 2018 JAN -5  PM 3: 50
STATE OF GEORGIA

RICHARD ALEXANDER, CLERK

JANE DELOVSKY,

        Plaintiff,

v.

WAL-MART STORES, INC.
and JANE DOE,

        Defendants.

_____/

Civil Action File No.
17-C-07154-2

## CONSENT ORDER SUBSTITUTING DEFENDANT

It appearing to the Court that Wal-Mart Stores East, LP. is the correct corporate Defendant, by consent of the parties and for good cause shown, it is hereby

ORDERED that Wal-Mart Stores East, LP. shall be substituted as a Defendant in lieu of Wal-Mart Stores, Inc. The caption shall be amended to reflect that Wal-Mart Stores East, LP. is the sole corporate Defendant. Plaintiff need not file an Amended Complaint to reflect this substitution, and Defendant need not file any further Answer.

SO ORDERED this  5  day of  January , 2017.  2018

_____
Shawn F. Bratton
Judge, Gwinnett County State Court

_____
Mark Aragon   By HML w/ express permission
Georgia Bar No. 021040
Counsel for Plaintiff
4385 Kimball Bridge Road, Ste 100
Alpharetta, GA 30022
(678) 566-6806
1markaragon@gmail.com

_____
Howard M. Lessinger
Georgia Bar No. 447088
Counsel for Defendant
3445 Peachtree Road, Ste 500
Atlanta, GA 30326
(404) 365-4514
hlessinger@mmatllaw.com