IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE DELOVSKY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:18-CV-00207-ELR |
| | * | |
| WAL-MART STORES EAST, LP, and JANE DOE, | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

# O R D E R

Presently before the Court is Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment [Doc. 86], Plaintiff's Motion to Strike or Dismiss Defendant's Motion for Summary Judgment [Doc. 94], Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 96], Defendant's Motion for Extension of Time to Serve Plaintiff with Motion for Summary Judgment [Doc. 98], Plaintiff's Motion Requesting Fees [Doc. 108], Plaintiff's Motion for Subpoenas [Doc. 109], and Plaintiff's Motion Objecting to Illegal Actions of Court. [Doc. 111]. The Court's rulings and conclusions are set forth below.

I. **Background**[1]

This case arises from an alleged injury involving a retail store cart escalator belt and a customer who was temporarily lodged inside of the cart escalator as she was attempting to exit the store. See generally Compl. [Doc. 1-2]. Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), operates a store located at 1871 Chamblee Tucker Road in Chamblee, Georgia. Def.'s Statement of Material Facts ¶ 1 [Doc. 86-2] ("Def.'s SOMF").[2] On November 25, 2015, Plaintiff Jane Delovsky visited Defendant's Wal-Mart store to purchase items for Thanksgiving dinner. Id. ¶ 2. The store has a small parking lot at the main entrance level and a parking deck underneath the store. Dep. of Jane Delovsky at 109 [Doc. 86-5] (Delovsky Dep."). Plaintiff arrived at the store, parking in the parking deck underneath. Id. She utilized the "people" escalator to get to the main entrance level to the store. Id. There is a "cart" escalator next to the people escalator. Def.'s SOMF ¶ 5.

---

[1] All facts noted herein are undisputed unless otherwise indicated.
[2] The Court's reference to Defendant herein only pertains to Defendant Wal-Mart. Purported Defendant "Jane Doe" has never been formally identified in pleadings and has not been served. As such, Jane Doe is an inadequately identified fictitious party. The Eleventh Circuit does not allow fictitious party practice. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); New Sports and Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Additionally, the Court does not have jurisdiction over a defendant unless he or she has been served with a summons and a copy of the complaint. Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 707 (11th Cir. 2011). According to the record, Plaintiff never served a summons or complaint against anyone other than Wal-Mart. Plaintiff has filed a Motion for Leave to File an Amended Complaint, [Doc. 96], in an attempt to replace Jane Doe with a properly named Defendant; but this Court denies Plaintiff's request to amend her Complaint. The Court's ruling on this issue is specifically discussed *infra*.

Customers push their carts into the cart escalator, which takes their carts from the main entrance level to the parking deck. Id.  The cart escalator is designed for shopping carts only and is not to be used by customers to get to the parking deck. Id. ¶ 6.  To prevent customers from entering the cart escalator, there are plastic guard doors blocking the front entrance with writing warning customers not to enter it. Id. ¶ 7.  More specifically, the guard on the left side reads "CARTS ONLY" and "NO CHILDREN" with a drawing indicating that children in the basket of the shopping cart are not permitted in the cart escalator. Id.  The guard on the right side reads "NO ENTRY" and "STAND CLEAR" with a drawing indicating that people are not permitted in the cart escalator. Id.

When Plaintiff entered the store, she retrieved a shopping cart and selected several items. Id. ¶ 15.  She paid for her items and began to look for a way back to the lower parking deck. Id.  Plaintiff approached a store associate, who was unknown to Plaintiff at the time, but was discovered later to be Barbara Hall, to help her with the cart escalator. Id. ¶ 16.  Ms. Hall approached Plaintiff and pointed out both the people escalator and the cart escalator and explained to Plaintiff which was for people and which was for carts. Id.  Upon approaching the cart escalator, Ms. Hall could see that the cart escalator was operating properly, and that the guards, warnings and pictures were in the appropriate place and position. Id. ¶ 17.

Despite that fact, Plaintiff pushed the cart through the guards and the warning signs and walked into the cart escalator.³ Id. ¶ 22. After she walked though the guards, Ms. Hall instructed Plaintiff to turn the cart loose multiple times; Plaintiff did not do so. Id. ¶ 23. Ms. Hall tugged on Plaintiff's jacket to get her attention and to get her to exit the cart escalator and not fall down the cart escalator to the floor below. Id. ¶ 24. Ms. Hall also pushed the emergency stop button on the cart escalator, which stopped the cart escalator from moving. Id.

When Plaintiff exited the cart escalator, she began loudly screaming that she was injured. Id. ¶ 25. No one observed Plaintiff strike any object; and it is not clear how Plaintiff was allegedly injured. Id. ¶ 26. Video from the store's surveillance cameras shows numerous patrons utilizing the cart escalator without issue before Plaintiff, the last customer having used it less than one minute before Plaintiff's incident. Decl. of Brandon Hamilton, Ex. A [Doc. 86-4] ("Hamilton Decl."). Wal-Mart employee Brandon Hamilton did a visual inspection of the cart escalator before and after Plaintiff's incident and saw no indication that the cart escalator was malfunctioning or otherwise working improperly. Def.'s SOMF ¶¶ 33, 41. After

---

³ Plaintiff appears to object to Defendant's version of events occurring after the cart was pushed into the cart escalator. See Pl.'s Resp. to Defendant's Statement of Material Facts at 4-5 [Doc.100-2]. However, Plaintiff's response is a narrative containing conclusive, argumentative responses with no citation to the record. As such, movant's Statement of Material Facts with respect to the disputed version of events at the cart escalator is deemed admitted. See LR 56.1 (B)(2).

4

Plaintiff was assisted from exiting the cart escalator, Plaintiff was attended to by emergency medical technicians and left the store by ambulance. Id. ¶ 42.

On November 20, 2017, Plaintiff filed the instant action in the State Court of Gwinnett County, Georgia, alleging negligence based on the theory of premises liability, negligent maintenance or inspection, negligent training, and *respondeat superior* liability. Compl. Defendant Wal-Mart filed a Notice of Removal and Answer on January 15, 2018. [Doc. 1].

## II. Discussion

### A. Defendant's Motion for Summary Judgment

#### i. Summary Judgment Standard

The Court may grant summary judgment only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is material if resolving the factual issue might change the suit's outcome under the governing law. Id. The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. Id. at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. Id. at 324-26. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. Accordingly, the Court now turns to the merits of Defendant's motion.

ii. Premises Liability[4]

"In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor." Sunlink Health Sys., Inc. v. Pettigrew, 649 S.E. 2d 532, 534 (Ga. Ct. App. 2007).

> Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury

---

[4] Defendant contends summary judgment is appropriate because (1) there is no evidence of Defendant's negligence, (2) Plaintiff has not identified a hazardous condition, (3) even if Plaintiff identified a hazardous condition, there is no evidence that Defendant had knowledge of such, and (4) Plaintiff had knowledge of any alleged hazard. Br. in Supp. of Mot. Summ. J. [Doc. 86-1].

6

caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim—and the lion's share of premises liability cases are—we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.

Am. Multi-Cinema, Inc. v. Brown, 679 S.E. 2d 25, 28 (Ga. 2009).

"Whether a hazardous condition exists is the threshold question in a premises liability case." Pinckney v. Covington Athletic Club and Fitness Center, 655 S.E. 2d 650, 652 (Ga. Ct. App. 2007) (citing Flagstar Enters. V. Burch, 600 S.E. 2d 834, 835 (Ga. Ct. App. 2004)). "Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." Glynn-Brunswick Mem'l. Hosp. Auth. v. Benton, 693 S.E. 2d 566, 568 (Ga. Ct. App. 2010). At the summary judgment stage, to create a question of fact as to the existence of a hazardous condition, a plaintiff must offer some evidence that the condition of the location where the slip occurred "constituted an unreasonable risk of harm." Flagstar Enters., Inc. v. Burch, 600 S.E. 2d at 858. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." Brown v. Amerson, 469 S.E. 2d

7

723, 725 (Ga. Ct. App. 1996). "Rather, the plaintiff must produce evidence 'of what foreign substance, condition, or hazard caused [her] to slip and fall.'" Glynn-Brunswick Mem'l Hosp. Auth., 693 S.E. 2d at 568 (quoting Mansell v. Starr Enterprises/Texaco, 568 S.E. 2d 145, 146 (Ga. Ct. App. 2002)).

Defendant contends there is no evidence in the record that establishes if and how Plaintiff was injured while in the cart escalator. The Court views all evidence in the light most favorable to Plaintiff as the nonmoving party. However, even assuming that Plaintiff was somehow injured while in the cart escalator, the Court finds there is no evidence in the record of a hazardous condition that constituted an unreasonable risk of harm to Plaintiff. Specifically, as discussed *supra*, Defendant offered evidence that the cart escalator was found to be in good working condition before and after Plaintiff's fall. Although Plaintiff reports that she was somehow injured by a malfunction of the cart escalator, she offered no evidence to substantiate such contention.[5] See H.J. Wings & Things v. Goodman, 739 S.E. 2d 64, 67 (Ga. Ct. App. 2013) (affirming summary judgment based on absence of evidence of hazardous condition and holding that plaintiff's fall did not prove the floor's condition constituted an unreasonable hazard); Glynn-Brunswick Mem'l Hosp. Auth., 693 S.E. 2d at 569 (affirming summary judgment where plaintiff slipped on

---

[5] Plaintiff appears to offer an alternative theory that she was injured, not by a direct malfunction of the escalator itself, but instead by Ms. Hall grabbing her to help pull her out of the cart escalator. Delovksy Decl. ¶ 9 [Doc. 100-3].

8

slick floor but offered no evidence that it was hazardous); Drew v. Instar Fin., Inc., 661 S.E. 2d 686, 689 (Ga Ct. App. 2008) (affirming summary judgment where plaintiff failed to present any evidence that she was exposed to a hazardous condition presenting an "unreasonable risk of harm"); Emmanuel v. QuikTrip Corp., No. 1:14-CV-2702-MHC, 2015 WL 11578451, at *3-4 (N.D. Ga. Apr. 14, 2015) (affirming unopposed motion for summary judgment where plaintiff offered insufficient evidence regarding existence of hazard).

Furthermore, even though a video of the incident has been submitted, the video does not objectively illustrate the facts of the incident. It does not appear to show any unusual operation of the cart escalator and does not illustrate the nature or cause of Plaintiff's alleged injuries. While Plaintiff, by her own affidavit and testimony, suggests that the cart escalator presented a hazard, and that she was injured as a result thereof, this is insufficient to survive a motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (explaining that "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits…and designate specific facts showing that there is a genuine issue for trial").

Accordingly, the Court finds Plaintiff's negligence claim fails as a matter of law because there is no evidence to create an issue of fact regarding the existence of a hazardous condition that constituted unreasonable risk of harm to Plaintiff. See

9

Willingham Loan & Realty Co. v. Washington, 716 S.E. 2d 585, 586 (Ga. Ct. App. 2011) (finding that "causation is always an essential element in [premises liability] cases, and therefore, where the Plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven"); Glynn-Brunswick Mem'l. Hosp. Auth., 693 S.E. 2d at 568 ("[w]here the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven"). Thus, the Court grants Defendant's motion for summary judgment on Plaintiff's premises liability and negligence claims.

### iii. Negligent Maintenance or Inspection

Count II of Plaintiff's Complaint is not entirely clear, but it appears that Plaintiff asserts a claim for negligent maintenance or inspection. Assuming that this is the claim Plaintiff intends to assert, the Court finds that there is insufficient evidence in the record to substantiate said claim. As discussed *supra*, Plaintiff has presented no evidence of a malfunction of the cart escalator. The video evidence corroborates the Defendant's contention that the cart escalator appeared to be in good working order and was utilized by numerous customers with no issue leading up to Plaintiff's incident. There is also testimony from Wal-Mart associates who visually inspected the cart escalator before and after the incident and saw that they

were working properly. See Hamilton Decl. ¶¶ 6-9. [Doc. 86-4]; Decl. of Barbara Hall ¶ 6 [Doc. 86-3]. Finding no evidence to support Plaintiff's theory that the cart escalator was working improperly, or that Defendant failed to maintain the cart escalator in proper working order, the Court must grant summary judgment in favor of Defendant on Plaintiff's negligent maintenance or inspection claims.

    iv. Employee Negligence and *Respondeat Superior*

Count III of the Complaint alleges that "Jane Doe," while acting within the scope of her employment with Wal-Mart, "improperly advised/instructed Plaintiff on the use of the cart escalator system" and further failed to hit the "stop button/switch timely after Plaintiff's fall." Compl. ¶¶ 24, 27. Plaintiff contends, therefore, that Jane Doe is liable to Plaintiff "for the consequences of her negligence." Id. ¶ 26. As discussed, *supra*, the Eleventh Circuit does not recognize fictitious party practice. As such, Plaintiff's claim for employee negligence and *respondeat superior* fail as a matter of law.

However, even if there were a proper employee identified as is relevant to this count, there is an absence of evidence that the employee, whom the Court must assume from the record is Barbara Hall, acted negligently or improperly in her directives to Plaintiff regarding use of the cart escalator or in Hall's response once Plaintiff became lodged within the escalator. Defendant has sufficiently demonstrated to the Court that there is an absence of evidence to support the

11

Plaintiff's case on this claim. Specifically, no evidence has been introduced by Plaintiff that the employee violated a specific safety rule or procedure, or that the employee acted negligently. Plaintiff asserts only speculation and conclusory allegations concerning a causal connection between Plaintiff getting lodged in the cart escalator and her resulting injury. See e.g, Decl. of Jane Delovsky ¶ 14 [Doc. 100-3] ("Delovsky Decl."). The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value" and cannot defeat a well-supported motion for summary judgment." Evers v. General Motors, 770 F. 2d 984, 986 (11th Cir. 1994). As such, the Court grants summary judgment in favor of Defendant on the employee negligence and *respondeat superior* claim.

    v.    Failure to Properly Train

While undoubtedly Defendant owes a duty of ordinary care in adequately training its employees, see La Petite Acad., Inc. v. Tuner, 543 S.E. 2d 393, 396 (Ga. Ct. App. 2000), Plaintiff does not demonstrate how Defendant's training was deficient. There exists no evidence in the record from Plaintiff that would plausibly show that Defendant did anything wrong in training its employees. The only evidence in the record as it relates to training is Defendant's own witness statements from its employees indicating the manner and frequency on which they are trained for their individual job duties. See Hamilton Decl. ¶ 7; Dep. of Barbara Hall at 37-

38 [Doc. 86-6]. Plaintiff failed to introduce any evidence to counter the witness statements regarding the type, manner, frequency, or adequacy of training. As such, there are no facts before that could support a verdict in favor of Plaintiff on this claim. The Court therefore grants summary judgment in favor of Defendant on this claim.

**B.     Remaining Motions**

There are several pending motions before the Court in addition to the motion for summary judgment. The Court addresses each of the remaining motions in turn below.

i.    <u>Plaintiff's Motion to Strike/Dismiss Motion for Summary Judgment and Defendant's Motion for Extension of Time to Serve Plaintiff</u>

Plaintiff has requested that the Court strike from the record or dismiss Defendant's motion for summary judgment because she alleges that Defendant's motion was filed one day late, on August 13, 2019, instead of August 12, 2019. [Doc. 94]. Plaintiff also asserts that she was served late, on August 14, 2019. [See Id.]. Plaintiff's argument with respect to the late filing of Defendant's motion for summary judgment is without merit. First, Plaintiff provides no authority that would support the Court striking the record or dismissing a motion for summary judgment based on said motion being filed one (1) day after the prescribed deadline for filing. Furthermore, the Court finds that Defendant timely filed its motion. The motion was

13

due within thirty (30) days after the close of discovery, in this case August 13, 2019.[6] Defendant timely filed its motion on August 13, 2019.

Plaintiff similarly challenges being untimely served with Defendant's motion for summary judgment. The record appears to indicate that Plaintiff was served electronically on August 13, 2019. See Decl. of Dori L. Cash [Doc. 97-1] ("Cash Decl."). Additionally, the record demonstrates that Defendant placed the envelope containing a copy of the motion properly addressed to Plaintiff in their outgoing mail basket on the same date. Id. Apparently, the envelope addressed to Plaintiff was postmarked for August 14, 2019. Id. ¶ 14; Pl.'s Ex. 1 [Doc. 94]. It is unclear to the Court whether the mail was incorrectly postmarked or whether it was not in fact mailed until August 14th.

In response to Plaintiff's motion to strike or dismiss, and realizing the lack of clarity with respect to the service date of the motion for summary judgment, Defendant filed a Motion for Extension of Time for Leave to Extend Time to Serve Plaintiff with Motion for Summary Judgment. [Doc. 98]. It is uncontroverted that even if Defendant missed mailing a copy of the motion via U.S. Mail by one (1) day, Plaintiff was served electronically on August 13, 2019. See Cash Decl., Ex. A [Doc.

---

[6] On June 14, 2019, this Court entered an Order extending discovery thirty (30) days from the date of entry of said Order. See Order [Doc. 76]. This Order was entered as a result of Plaintiff's request for an extension of the discovery period. See Motion for Extension of Time to Complete Discovery [Doc. 68]. As such, the close of discovery was extended through and including July 14, 2019.

14

97-1]. The Court may, upon motion of a party, extend the time to perform an action after the time has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). After review of the motion, both Parties' arguments, and applicable law, the Court finds that Defendant has demonstrated a proper case of excusable neglect in placing a copy in the U.S. Mail a day late.[7]

As such, Defendant's Motion for Extension of Time for Leave to Extend Time to Serve Plaintiff with Motion for Summary Judgment is granted. [Doc. 98]. Plaintiff's Motion to Strike or Dismiss Defendant's Motion for Summary Judgment is denied. [Doc. 94].

    ii. <u>Motion for Leave to File Amended Complaint</u>

The Court turns next to Plaintiff's Leave to Amend Complaint [Doc. 96]. Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Forbus v. Sears</u>

---

[7]When analyzing a claim of excusable neglect, courts should "take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." <u>Advanced Estimating System, Inc. v. Riney</u>, 77 F.3d 1322, 1325 (11th Cir. 1996).

Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (applying Foman factors to motion for leave to amend an answer). The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Laurie v. Ala. Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).

Plaintiff seeks to amend her Complaint to add Barbara Hall as a party defendant and to "amend the mistakes made by Plaintiff's attorneys in the original Plaintiff's Complaint."[8] [Doc. 96]. In response, Defendant argues that the Court should deny Plaintiff's request to amend her Complaint based on undue delay and because any claims against Ms. Hall would be barred by the applicable statute of limitations. [Doc. 99].

Upon careful review, this Court finds that Plaintiff unduly delayed in moving to amend her Complaint. Plaintiff filed this motion for leave to amend on September 18, 2019, almost two (2) years after the case has been pending. This litigation has proceeded with the Parties engaging in extensive discovery, and the case is now ripe for summary judgment. Defendant contends that Ms. Hall was identified in Defendant's responses to Plaintiff's discovery requests as early as May 11, 2018. [Id.] The record supports this contention. [See Doc. 17]. Furthermore, Ms. Hall was deposed on February 13, 2019. [See Doc. 86-6]. To grant Plaintiff's request at

---

[8] Plaintiff fails to identify with specificity what mistakes were made in the Complaint by her previous attorneys. As such, the Court is without sufficient information to analyze this contention.

16

this juncture would surely result in undue and unnecessary delay in the proceedings. Plaintiff has offered no reason or explanation for her undue delay in seeking to add Ms. Hall this late in the proceedings and the Court finds no reason to do so. Moreover, Defendant Wal-Mart and prospective defendant Ms. Hall will surely be prejudiced by an amendment of pleadings almost two (2) years into a case when dispositive motions are ripe and when granting such relief would essentially allow the case to recommence. See Wallace v. Southern Cable Sys., LLC, No. 3:16-CV-209-RV/CJK, 2017 WL 6994562, at *1 (N.D. Fla. Feb. 28, 2017) (where the court found prejudice would result by an amendment adding a defendant, a joint employer, after the close of the first phase of discovery).

Accordingly, the Court denies Plaintiff's Motion for Leave to Amend Complaint. [Doc. 96].

       iii.    Motion Requesting Award of Pro-Se Fees from Defendant

Next, the Court turns to Plaintiff's "Motion Requesting Award/Pro-Se Fees from Defendant for Unnecessary Stressful Work." [Doc. 108]. Specifically, Plaintiff requests an award of $44,500 for 445 hours of work devoted to responding to Defendant's motion for summary judgment and for filing her motion to strike/defendant's motion for summary judgment. [Id.] Plaintiff fails to cite to any authority authorizing such an award; and the Court is unaware of any such authority. As such, Plaintiff's motion for fees is hereby denied. [Doc. 108].

      iv.    <u>Motion for Subpoenas</u>

The Court turns next to "Plaintiff's Motion Requesting For Subpoenas." [Doc. 109]. Plaintiff seeks the issuance of subpoenas to four (4) fact witnesses to obtain information that Plaintiff contends Defendant is "hiding" from her. [Id. at 2]. Plaintiff is specifically requesting records from Schindler elevator Company, ThyssenKrupp Elevator Corp., Chamblee Police Department, and Defendant's attorney. [Id.]

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to non-parties. According to Rule 45, Plaintiff, as a *pro se* party, may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval. FED. R. CIV. P. 45(a)(1)(C)(2). Plaintiff has a duty to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena. FED. R. CIV. P. 45(d)(1). Additionally, Plaintiff's requests in the subpoenas must also fall within the scope of proper discovery under Federal Rule of Civil Procedure Rule 26 (b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Discovery closed in this case on July 14, 2019. Prior to the close of discovery, the Court extended the discovery period several times to allow the Parties to fully resolve all discovery issues. As discovery stands closed, Plaintiff can no longer present evidence to support her claims. See <u>Roy v. Broward Sherriff's Office</u>, 160

Fed. App'x. 873, 876 (11th Cir. 2005) (noting that circumstances do not afford "a second bite at the apple to adduce new evidence long after discovery has been closed, especially in the absence of any indication that [the party] has such evidence, or was foreclosed from adducing his evidence at the appropriate time, or otherwise was misled as to his obligation"); Munnings v. Fedex Ground Package Sys., Inc., No. 6:07CV282-0RL-19KRS, 2008 WL 1849003, at *7 (M.D. Fla. Apr. 22, 2008) (finding that "[s]uch a belated investigation after the close of discovery to find new evidence to oppose a summary judgment motion does not provide good cause for admitting such evidence"). It would therefore be improper to procure evidence from these witnesses that may be relevant to support Plaintiff's claims at this juncture. Given that discovery has closed, and that the case is ripe for disposition, the Court denies Plaintiff's motion for subpoenas. [Doc. 109].

       v.    <u>Motion Objecting to Illegal Actions</u>

Lastly, Plaintiff filed a "Motion Objecting [to] Illegal Actions of Court and Judge Ross Against Plaintiff." [Doc. 111]. Plaintiff claims that the Court and its staff violated Plaintiff's constitutional right to due process by refusing to execute Plaintiff's subpoenas. Having found that Plaintiff is not lawfully entitled to the issuance of the referenced subpoenas, the Court hereby denies Plaintiff's motion. [Doc. 111].

## II. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 86]; **DENIES** Plaintiff's Motion to Strike or Dismiss Defendant's Motion for Summary Judgment [Doc. 94]; **DENIES** Plaintiff's Motion for Leave to File Amended Complaint [Doc. 96]; **GRANTS** Defendant's Motion for Extension of Time to Serve Plaintiff [Doc. 98]; **DENIES** Plaintiff's Motion Requesting Pro Se Award/Fees [Doc. 108]; **DENIES** Plaintiff's Motion for Subpoenas [Doc. 109]; and **DENIES** Plaintiff's Motion Objecting to Illegal Actions of Court [Doc. 111]. Finally, the Court **DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**, this 10th day of January, 2020.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia