[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-10524

Non-Argument Calendar

_____

JANE DELOVSKY,

                                                 Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

                                                 Defendant,

JANE DOE,
WAL-MART STORES EAST, LP,

                                                 Defendants-Appellees.

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 2 of 13
USCA11 Case: 20-10524   Date Filed: 10/20/2021   Page: 2 of 11

2                    Opinion of the Court                    20-10524

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-00207-ELR

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jane Delovsky appeals *pro se* the summary judgment against her complaint about the alleged negligence of Wal-Mart Stores East, LP, for failing to maintain its premises in a safe condition, negligent maintenance and inspection of a cart escalator, employee negligence, and failure to train. Delovsky sustained injuries after walking through safety obstruction guards to put her shopping cart on a cart escalator. The district court denied Delovsky's motions to subpoena witnesses, to amend her complaint, and to strike the motion for summary judgment against her complaint, and it then granted that motion. We affirm.

Delovsky drove to a Walmart store in Chamblee, Georgia, to purchase groceries for her Thanksgiving meal. The store had a small parking lot level with its main entrance and an underground parking garage with separate escalators for customers and for their shopping carts. Delovsky parked in the underground garage and rode the customer escalator up to the store.

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 3 of 13
USCA11 Case: 20-10524   Date Filed: 10/20/2021   Page: 3 of 11

20-10524               Opinion of the Court                3

After purchasing groceries, Delovsky asked Barbara Hall, a Walmart customer host, how to get her shopping cart to the parking garage. Hall told Delovsky about the escalator system and, as shown on a store surveillance video recording, Hall accompanied Delovsky up to the plastic safety guards. Each safety guard had two warning signs. The left guard had signs that stated "CARTS ONLY" and "NO CHILDREN" with an illustration that barred children from sitting in the cart. The right guard had signs that stated "NO ENTRY" and "STAND CLEAR" with an illustration that barred persons from entering the cart escalator.

A surveillance video recording showed that, after Delovsky failed one time to push her shopping cart on the cart escalator, she walked behind her cart through the safety guards. Hall later testified that she yelled for Delovsky to "turn the cart aloose" and, when Delovsky did not respond, she grabbed Delovsky's jacket, yelled "turn the cart aloose" three to four times, and pressed the emergency stop button before Delovsky's cart began its descent. The video footage showed Hall stop the cart escalator and Delovsky turn around, walk back through the safety guards, and begin to scream while clutching her left arm. Hall directed Delovsky to a nearby wall and contacted her assistant manager.

Video footage showed numerous Walmart customers, including a child, using the cart escalator without incident. The footage also showed Brandon Hamilton, a cart pusher for Walmart, inspecting the cart escalator and that twelve customers used the

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 4 of 13
USCA11 Case: 20-10524    Date Filed: 10/20/2021    Page: 4 of 11

4                      Opinion of the Court                    20-10524

apparatus before Delovsky's accident, the last of which preceded her by less than one minute.

Delovsky, with the assistance of counsel, filed a four-count complaint in a Georgia court against Walmart, which promptly removed the action to the district court. Delovsky complained of premises liability, negligent maintenance and inspection, employee negligence, and failure to train. Delovsky alleged that Walmart was negligent in failing to "post signs or instructions reasonably calculated to provide . . . instructions and/or warnings on use of the cart escalator"; in "failing to shut down . . . or limit access to the system while it was broken or otherwise malfunctioning"; in "us[ing] a system inherently or unreasonably dangerous . . . [without] safety bars or mechanisms designed to prevent . . . invitees from falling down or onto the cart escalator"; and in "not properly check[ing] shopping carts to insure they were not broken or otherwise incompatible with the cart escalator system." Delovsky also alleged that she fell when the cart escalator "gave way" as she tried to push her cart onto it and that she was harmed because "Jane Doe improperly advised/instructed [her] on the use of the cart escalator system and . . . failed to hit the 'Stop button/switch' timely after [her] fall."

When deposed, Hamilton testified that the cart escalator functioned properly on the day of Delovsky's accident. Hamilton—consistent with video surveillance footage—described riding down the customer escalator about ten minutes before the incident to examine the adjoining cart escalator. Video footage also corroborated Hamilton's testimony that, after Delovsky's accident, he put

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 5 of 13
USCA11 Case: 20-10524    Date Filed: 10/20/2021    Page: 5 of 11

20-10524                Opinion of the Court                 5

the cart escalator in reverse and removed her cart and that, minutes after another employee restarted the apparatus, Walmart customers used the cart escalator without incident.

Hall testified that Delovsky caused her own injuries. Hall recalled instructing Delovsky to push her shopping cart through the safety guards and the rail would take the cart down to the parking garage. Hall testified that Delovsky walked through the safety guards and failed to release her shopping cart despite Hall's instructions to do so. Hall recounted that she grabbed Delovsky's jacket while pushing the emergency stop button with her right hand, that Delovsky released her cart, and that she turned around and walked back through the safety guards screaming and holding her left arm. Hall also stated—consistent with video footage—that Delovsky never fell and walked out of the cart escalator and that the store restarted the cart escalator after Delovsky's accident.

Delovsky testified that she saw two plastic guards in front of the entrance to the cart escalator, but she could not recall whether the guards bore warning signs. She recalled that Hall told her to push her shopping cart onto the cart escalator, that it took several attempts to push her cart onto its escalator, that the escalator was "broken" and not moving, that she somehow ended up on the apparatus with her cart, and that the escalator started moving after she stepped onto it. Delovsky could not recall how she exited the cart escalator, only that she was in serious pain once outside the escalator. She also testified that she did not fall on the escalator.

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 6 of 13
USCA11 Case: 20-10524    Date Filed: 10/20/2021    Page: 6 of 11

6                    Opinion of the Court                  20-10524

During discovery, Delovsky's attorney withdrew and, after Delovsky elected to represent herself, she twice moved unsuccessfully for issuance of subpoenas duces tecum. The district court denied Delovsky's first motion that sought records from her former attorneys, a video recording of her accident from Walmart, and a copy of the police report from the Chamblee Police Department. The district court ruled that Delovsky had yet to request the materials using traditional means of discovery and urged her to communicate with Walmart. The district court denied Delovsky's second motion for subpoenas for "fail[ing] to articulate . . . whom she is requesting to subpoena and what relevant evidence she seeks to obtain."

After Walmart moved for summary judgment, Delovsky filed motions for leave to amend her complaint to add Hall as a defendant and to issue subpoenas to two elevator servicing companies, the Chamblee Police Department, and Walmart. The district court denied both of Delovsky's motions as untimely and also denied her motion to amend as unduly prejudicial to Hall and to Walmart.

Delovsky next filed a motion to strike the motion for summary judgment as untimely filed and served, but the district court denied her motion. Delovsky argued that Walmart had filed and served its motion one day after the deadline for filing dispositive motions. Walmart responded that its motion was timely filed and served electronically and, with respect to service by mail, it moved for a one-day extension of time to complete service of process on

Delovsky. *See* Fed. R. Civ. P. 6(b)(1)(B). The district court found that Walmart timely had filed its motion and effectuated electronic service, and as to service by mail, the district court granted Walmart a one-day extension to complete service on Delovsky.

The district court entered summary judgment in favor of Walmart. The district court ruled that Delovsky's lack of evidence doomed her complaints of premises liability, negligent maintenance or inspection, and failure to properly train. The district court also ruled that Delovsky's complaint for employee negligence and respondeat superior failed as a matter of law.

Three standards of review govern this appeal. We review *de novo* the summary judgment in favor of Walmart. *See Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir. 2019). We review for clear error the finding of fact regarding the timeliness of filing and service by Walmart. *See United States v. Gupta*, 363 F.3d 1169, 1173 (11th Cir. 2004). We review for abuse of discretion the decisions to extend the time for Walmart to effect service of process, *see Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), to deny Delovsky leave to amend her pleading, *see Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001), and to deny her requests for subpoenas, *see Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006).

The district court did not err by entering summary judgment in favor of Walmart. Delovsky failed to establish a material factual dispute about whether the condition of the premises at Walmart or its negligent maintenance or inspection caused her

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 8 of 13
USCA11 Case: 20-10524   Date Filed: 10/20/2021   Page: 8 of 11

8                    Opinion of the Court                    20-10524

injury because the evidence "quite clearly contradict[ed] . . . [her] story" that the cart escalator malfunctioned. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). The surveillance video recording, which showed customers using the cart escalator safely before Hamilton's inspection and then before and after Delovsky's accident, established that the escalator was maintained and operable and that she injured herself by holding onto her cart past the safety guards. *Id.* at 378–79. Nor did Delovsky create a material factual dispute about whether Walmart could be held liable for its employees' negligence, their violation of a safety rule or policy, or their lack of training about using the cart escalator or its emergency stop button. The video recording showed that signs on both plastic guards warned against persons entering the cart escalator, that Hall monitored the cart escalator, and that she accompanied Delovsky to the cart escalator, promptly stopped the apparatus after Delovsky walked through the safety guards, and attended to Delovsky after her accident. *See id.* Because there existed "no genuine dispute as to any material fact and [Walmart was] entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), the district court correctly entered summary judgment in the company's favor.

We cannot say that the district court clearly erred by accepting the motion of Walmart for summary judgment as timely filed. The district court ordered the parties to file dispositive motions within 30 days after the close of discovery. Because the district court scheduled discovery to end on July 14, 2019, Walmart timely filed its motion for summary judgment on August 13, 2019.

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 9 of 13
USCA11 Case: 20-10524   Date Filed: 10/20/2021   Page: 9 of 11

20-10524               Opinion of the Court                  9

The district court did not abuse its discretion by granting Walmart an extension of time to serve its dispositive motion on Delovsky by mail. *See* Fed. R. Civ. P. 6(b)(1)(B). The district court correctly took into account "all relevant circumstances . . ., including the danger of prejudice to [Delovsky], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of [Walmart], and whether [it] acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The district court reasonably determined that Delovsky was not prejudiced by Walmart mailing its dispositive motion to her one day after having timely served her electronically.

The district court reasonably retitled counts two and three of Delovsky's complaint. Delovsky titled count two as "Vicarious Liability/Failure to Train," but the district court accurately retitled the count as a claim of "Negligent Maintenance or Inspection" because Delovsky alleged that Walmart was responsible for the "conduct . . . [of] the individuals responsible for inspecting, cleaning, and maintaining the cart escalator" and for "the consequences of their negligence." The district court also appropriately retitled count three, which Delovsky titled "Negligence of Jane Doe & Walmart Respondeat Superior," as a claim of "Employee Negligence and *Respondeat Superior*." That latter title correctly restructured count three to eliminate a claim against Jane Doe, who Delovsky failed timely to move to replace with Hall as defendant, and accurately described Delovsky's claim to hold Walmart responsible

Case 1:18-cv-00207-ELR   Document 144   Filed 10/20/21   Page 10 of 13
USCA11 Case: 20-10524   Date Filed: 10/20/2021   Page: 10 of 11

10                      Opinion of the Court                    20-10524

for its employee's alleged negligence in instructing a customer how to use and in operating the cart escalator.

The district court did not abuse its discretion by denying Delovsky's motion to amend her complaint to add Hall as a defendant. Federal Rule of Civil Procedure 15 states that "[t]he [district] court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but it can deny leave for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant," *Foman v. Davis*, 371 U.S. 178, 182 (1962). The parties identified Hall as the Jane Doe named in Delovsky's complaint by May 11, 2018. Delovsky waited until September 18, 2019, to request leave to amend her complaint, and by then the parties had completed discovery and Walmart had moved for summary judgment. The district court reasonably determined that both Hall and Walmart would be unfairly prejudiced by Delovsky's delay.

The district court also did not abuse its discretion by denying Delovsky's three motions to subpoena witnesses. Delovsky filed her first motion for subpoenas without attempting to obtain the materials she sought by discovery request. *See* Fed. R. Civ. P. 45(d)(1) ("A party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Delovsky had yet to ask that her attorneys produce records she needed or that law enforcement and Walmart provide her copies of the police report and of video recordings of her accident. Delovsky's second motion failed to identify whom to subpoena or what evidence she wanted.

Case 1:18-cv-00207-ELR Document 144 Filed 10/20/21 Page 11 of 13
USCA11 Case: 20-10524 Date Filed: 10/20/2021 Page: 11 of 11

20-10524               Opinion of the Court                    11

And Delovsky's third motion came too late after the close of discovery and in response to the motion for summary judgment. *See Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958) ("[D]iscretion . . . [rests with the district] court to refuse to subpoena witnesses for an indigent party in a civil proceeding" "to prevent abuse of its process.").

We **AFFIRM** the summary judgment in favor of Walmart.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 20, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-10524-DD
Case Style: Jane Delovsky v. Jane Doe, et al
District Court Docket No: 1:18-cv-00207-ELR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs